IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DAVID RODARTE, ) | Misc. Matter 3:11-MC-0084-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | DENYING MOTION AND |
| THE FINANCIAL INDUSTRY ) | DISMISSING MATTER |
| REGULATORY AUTHORITY, INC., ) | |
| and BROKERSXPRESS, L.L.C., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This miscellaneous matter was initiated by filing a document captioned "Motion for Temporary Restraining Order or Stay, Preliminary Injunction, and Vacation of the Final Order as to Jurisdiction." Dkt. No. 1. Because the motion seeks, *inter alia*, a temporary restraining order, the court scheduled the earliest possible teleconference to address the motion.[1]

Prior to the teleconference, the court advised the parties of various concerns including the manner in which the "matter" was initiated and the availability of the relief sought, jurisdiction, and venue. The court also directed Plaintiff to submit a memorandum addressing these issues by noon on May 31, 2011. Plaintiff timely responded to that directive.

**BACKGROUND**

Through his motion, Plaintiff seeks relief which includes pursuit of a temporary restraining order or stay, preliminary injunction, and permanent injunction "enjoining Defendants . . . from

---

[1] Counsel for the named Defendants were contacted and invited to make a limited appearance for the purpose of participating in the teleconference. Any such participation was to be without *pro hac vice* admission or the requirement for participation of local counsel and was not to be construed as consent to jurisdiction. Counsel for The Financial Industry Regulatory Authority, Inc. ("FINRA") participated in the teleconference. Counsel for BrokersXpress did not.

advancing any motions or pleadings or otherwise taking any action designed to obligate [Plaintiff] to arbitrate" claims in a specified arbitration to which he has been added as a third-party. Dkt. No. 1 ¶ 1, *see also id.* ¶ 41 (Prayer). Plaintiff also seeks "Vacation of the Final Order [of the arbitrators] as to Jurisdiction." *Id.* At one point in his motion, Plaintiff describes the requested relief far more broadly, asking that Defendants be "restrained from instituting *legal actions*, filing legal pleadings, or *advancing motions in other courts* or arbitral forums concerning or relating to the above captioned case." Dkt. No. 1 ¶ 35 (emphasis added).

The arbitration at issue in this action was instituted by Thomas E. Calk, M.D., as trustee of a pension plan, against BrokersXpress, L.L.C. BrokersXpress then moved to bring in various third-party Defendants, including Plaintiff, David Rodarte ("Rodarte"). Rodarte was served with a copy of that motion but claims he was not served with other related documents or with the order which granted the motion.[2] He claims to have learned of the order during a teleconference to address a motion to reconsider or dismiss filed by other added third-parties. Prior to the teleconference, Rodarte received a letter which indicated his participation in the arbitration was voluntary and asked that he sign an attached submission form if he wished to participate. Rodarte asserts that he did not want to sign the submission but was told by a representative of the arbitration body, FINRA, that he was obligated to sign the form, in other words, that his submission was mandatory, not voluntary. Rodarte signed the submission but later challenged it through counsel. A later letter from FINRA to Rodarte clarified that due to the earlier order of the arbitration panel, Rodarte's participation in arbitration was mandatory not voluntary. Apparently after receipt of this letter, Rodarte filed a

---

[2] For purposes of this motion, the court will assume that Rodarte's assertions as to what transpired are true.

motion asking the panel to reconsider its decision to include him in the arbitration. That motion was denied. It is that order which Rodarte characterizes as the arbitration panel's "Final Order as to Jurisdiction."

## STANDARD

Plaintiff's most immediate request is for a temporary restraining order or preliminary injunction. Rule 65 of the Federal Rules of Civil Procedure governs both preliminary injunctions and temporary restraining orders. *See Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D.Va. 2006) ("The standard for granting either a temporary restraining order or a preliminary injunction is the same."). A plaintiff seeking either a temporary restraining order or a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, ___, 129 S. Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F. 3d 342, 346-47 (4th Cir. 2009), *vacated on other grounds*, 558 U.S. ___, 130 S. Ct. 2371 (2010), *reissued in part*, 607 F.3d 355 (4th Cir. 2010), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).

## DISCUSSION

The court denies Rodarte's motion for the reasons set forth below. Because this matter consists of nothing more than a motion, it is dismissed.

First, the court does not believe the matter has been properly initiated. What Rodarte seeks is affirmative relief, not the form of relief normally sought through a motion filed without an

3

underlying action.[3] As a consequence, there is no underlying complaint to be served which, through service, might allow this court to acquire subject matter jurisdiction over the "action" and personal jurisdiction over Defendants. Thus, this court concludes it lacks subject matter and personal jurisdiction, even assuming it might ultimately obtain such jurisdiction in a properly filed action.[4]

Since this motion was filed, the court has conducted significant research regarding whether and under what circumstances a court may stay or enjoin an arbitration. While the court has found a number of cases in which an injunction was granted, none appear to have been initiated other than as a regular civil action.

In his memorandum filed on May 31, 2011, Plaintiff argues that a motion is sufficient in light of 9 U.S.C. § 6 which provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." The use of the word "hereunder" necessarily refers to relief referenced in other sections of the FAA. This is further supported by repeated references to "applications" in the sections which follow. 9 U.S.C. §§ 9-12. Thus, what may be filed as a motion is a request for relief expressly authorized under the FAA (most particularly relief addressed in a section referring to an "application" to the court). There is, however, no provision in the FAA which refers to a stay of arbitration (based on an application or otherwise). Neither does the FAA refer to the court's

---

[3] The court assumes for purposes of this order that relief which may be pursued under the FAA on "application" to the court may be brought as a miscellaneous matter, that is, a motion without an underlying complaint. For reasons discussed below, the relief sought here does not fall within the categories of relief which may be pursued in that manner. *See infra* discussing 9 U.S.C. § 6.

[4] For reasons argued in Rodarte's May 31, 2011 memorandum, the court assumes it could, with a properly filed action, obtain personal jurisdiction over all parties and that venue would be permissible. *See* Dkt. No. 8 at 4-5.

4

authority to enter injunctive relief of any form. It follows that this court is not empowered by the FAA to issue injunctive relief without first acquiring jurisdiction over the subject matter and parties by virtue of a properly filed civil action.

Second, this court is unconvinced that the relief Rodarte seeks may be obtained through any viable cause of action. This is not a request for resolution of the merits of some dispute, as to which Rodarte anticipates BrokersXpress might file a motion to compel arbitration. Instead, the relief Rodarte seeks is a stay of at least some aspects of an ongoing arbitration. In essence then, his action is one seeking only to stay arbitration.[5]

This court has located only one circuit court decision which has granted a stay of arbitration under similar circumstances. *Societe Generale de Surveillance, S.A. v. Raytheon European Mgmt. & Sys. Co.,* 643 F.2d 863 (1st Cir. 1981) (enjoining arbitration based, in part, on state law authority where federal law was not inconsistent and noting that injunction was "concomitant of the power

---

[5] In his memorandum filed May 31, 2011, Rodarte states: "*Without question*, where there is no agreement to arbitrate and an unwilling party is being dragged into an ongoing arbitration via *ultra vires* orders of the arbitration panel, *the district court has authority under the FAA to stay the arbitration* as it relates to that party." Dkt. No. 8 at 3 (emphasis added). Rodarte cites no direct support for this unqualified assertion that this court has authority to grant the requested relief. Rodarte does cite two United States Supreme Court decisions and one unpublished District of South Carolina decision for more basic propositions relating to the availability of arbitration and the proposition that the court normally decides whether a party has agreed to arbitrate. The more specific proposition, that a court may enjoin arbitration proceedings in an action pursued solely or primarily for the purpose of gaining such relief (rather than for the purpose of litigating the merits) is arguably supported by citation to two unpublished district court decisions. *Id.* at 3-4 (citing *Wachovia Securities, L.L.C., v. Raifman*, 2010 WL 4502360 (N.D. Cal. 2010); *Wasserman v. Triad Securities Corp.*, 2006 WL 1644029 (M.D. Fla. 2006)). While both of these cases grant relief such as Rodarte seeks here, neither addresses the source of the court's authority to grant such relief. Moreover, in *Wasserman*, the injunctive relief granted was limited to an injunction that plaintiff could not be compelled to participate in arbitration (in his individual capacity). This relief was little more than the corresponding denial of defendant's motion to compel arbitration. In *Raifman*, the court noted that defendant did not challenge the court's authority to decide the issue of arbitrability.

to compel arbitration"). Other circuit courts have affirmed stays of arbitration only when merits litigation was ongoing in the district court.[6] Whether or not expressly addressed, these courts all appear to have relied on their inherent authority to stay the arbitration in order to preserve the court's jurisdiction. The Fourth Circuit has followed this approach in a decision which mentioned the Federal Arbitration Act ("FAA") only in noting that the injunction did not run afoul of the FAA. *See Leesona Corp. v. Cotwool Mfg. Corp.,* 315 F.2d 538, 539 (4th Cir. 1963)( "[W]e uphold the decree as a temporary injunction auxiliary to the defense of the licensor's suit.").

Quite recently, the Second Circuit noted that whether there is a cause of action for stay of arbitration is an undecided issue in that circuit. *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384 (2d Cir. 2011) ("Because we conclude that a stay is unnecessary in this case, we need not resolve the question of whether federal courts have the power to stay arbitration under the FAA (or any other authority) in an appropriate case.").[7] Without deciding whether such a cause of action existed, the court concluded that the district court properly denied the stay (or injunction) of arbitration because the party seeking arbitration was not barred from doing so.[8]

---

[6] *See Weis Builders, Inc., v. Kay S. Brown Living Trust*, 94 F. App'x 687 (10th Cir. 2004); *Texaco, Inc., v. Am. Trading Transp. Co., Inc.,* 644 F.2d 1152 (5th Cir. 1981); *Leesona Corp. v. Cotwool Mfg. Corp.,* 315 F.2d 538 (4th Cir. 1963).

[7] Various cases within the Second Circuit (most particularly in the Southern District of New York) have enjoined arbitration proceedings. *See, e.g., In re Lukah*, 602 F. Supp. 2d 497 (S.D.N.Y. 2009) (enjoining parties from proceeding with arbitration until the court decided whether the parties were bound by the agreement which contained the arbitration clause). The court considers these decisions to be of limited value in light of *Republic of Ecuador*.

[8] The party seeking relief argued that the party which initiated arbitration was judicially estopped from doing so.

6

Addressing a similar motion, the Seventh Circuit declined to grant injunctive relief because the harm in having to proceed with arbitration was not irreparable harm.[9] *Trustmark Ins. Co., v. John Hancock Life Ins. Co.*, 631 F.3d 869 (7th Cir. 2001). While *Trustmark* is distinguishable from the present case in some significant respects, this court agrees that a party to arbitration will rarely if ever be able to show irreparable harm in having to complete the arbitration process prior to seeking relief from the court from any "award" which might ultimately be entered.[10] *See generally* 9 U.S.C. §§ 9-12 (expressly providing various forms of post-award relief). In the present case, that is particularly true given that Rodarte at least initially sought review by the arbitration panel of the validity of his submission to arbitration.

In sum, those courts holding that the FAA does not itself authorize a cause of action to stay or enjoin arbitration take note of the limited and precise affirmative powers the FAA does expressly confer on the courts. Courts which have held either that the FAA does permit an action to enjoin or stay arbitration, or which have assumed without deciding that such a cause of action exists, have held that power to compel arbitration necessarily implies power to enjoin or stay arbitration, or that such power is not inconsistent with the express powers granted by the FAA.[11] An interpretation of the FAA according to the plain language of its relevant provisions convinces the court that the FAA does not authorize a cause of action to stay or enjoin arbitration. Instead, a party aggrieved by an

---

[9] Because it found no irreparable harm, the court did not address whether it otherwise had the authority to grant an injunction against ongoing arbitration proceedings.

[10] The challenge at issue in *Trustmark* related to a procedural concern within the arbitration, not to whether a party was subject to arbitration.

[11] *See* Marc J. Goldstein, *An FAA Cause of Action to Enjoin Arbitration: Is It Necessary?*, Arbitration Commentaries (March 29, 2011), http://arbblog.lexmarc.us/2011/03/an-faa-cause-of-action-to-enjoin-arbitration-is-it-necessary/ (attached).

7

improper arbitration may (1) decline to participate, (2) oppose a motion to compel arbitration (if one is filed), (3) file a civil action seeking a declaratory judgment that he is not obligated to arbitrate (before submitting that issue to the arbitration panel), or (4) avail himself of post-award remedies specifically provided by the FAA through application to a federal court under 9 U.S.C. §§ 9-12.

The concerns addressed above convince this court that it does not have and cannot obtain jurisdiction over the subject matter or parties through this miscellaneous matter. The court also finds it doubtful that it could grant Rodarte the relief he seeks, an injunction precluding continuation of the arbitration as it relates to him, even if the matter were initiated by complaint as there is no related merits litigation before this court.

Other considerations also dissuade the court from exercising its equitable powers to grant the requested relief, even assuming it has authority to do so. Although Rodarte suggests that he has been improperly tricked or forced into participation in arbitration, he is not without some fault in bringing about this situation. First, he apparently ignored the original motion to amend which should have alerted him to the fact that someone was trying to bring him into an arbitration. Second, he signed a submission to arbitration based on an alleged false statement that he was required to do so. At the time, he also had in his possession a letter stating that his submission was voluntary. Under these circumstances, a reasonable *person* who did not desire to submit to arbitration would have sought independent advice before signing the form. Finally, he has sought the arbitration panel's review of the validity of the assertion of jurisdiction over him. While this may not constitute a waiver of his objection to arbitration, it does suggest that a court should defer any review until the arbitration is concluded. In this regard, the court notes that what Rodarte characterizes as a "final

8

order" is by no means a final arbitration award. Only the latter is normally subject to review by the courts. *See* 9 U.S.C. §§ 9-12.

For the reasons set forth above, the court doubts that the request for injunctive relief is properly presented and, even if it is, concludes that Rodarte is neither likely to succeed on the merits nor likely to suffer irreparable harm if injunctive relief is denied.[12]

## CONCLUSION

For the reasons set forth below, Plaintiff's motion is denied. As this miscellaneous matter pursues only relief through the motion, the matter is dismissed.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 1, 2011

---

[12] The court's view as to the merits turns primarily on the determination that this court lacks authority to enter an injunction against arbitration under the circumstances presented in this matter. The court expresses no view as to whether any award ultimately made by the arbitration panel might be subject to attack based on a lack of jurisdiction (or fraudulently obtained jurisdiction).

9